FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 7 2019

JAMES N. HATTEN, Clerk
By: ⎯⎯⎯⎯⎯ Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF ALASKA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, and WASHINGTON, and the DISTRICT OF COLUMBIA *ex rel.* TERENCE SULLIVAN,<br><br>　　　　Plaintiffs/Relator,<br><br>　-v-<br><br>MEDITECH, LLC, BIOCONFIRM LABORATORIES, LLC, and JOHN DOE ENTITIES 1-10,<br><br>　　　　Defendants. | Case No._____<br><br>(Judge _____)<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**TO BE FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**1:19-CV-2612** |

Relator Terence Sullivan ("Relator" or "Mr. Sullivan"), by and through the undersigned counsel, and on behalf of the United States of America ("United States") and the States of Alaska, California, Colorado, Connecticut, Delaware,

Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia, Washington, and the District of Columbia (collectively, the "States"), hereby alleges as follows:

## I.   **INTRODUCTION**

1.     This is a *qui tam* action by Mr. Sullivan against Meditech LLC ("Meditech"), Bioconfirm Laboratories, LLC ("Bioconfirm Labs") and John Doe Entities 1-10 ("John Doe Entities") (collectively, "Defendants") for using, making, presenting, and causing to make, use, or present false claims to the governments of the United States and States (collectively, the "Government"), in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* and applicable state law.

2.     This case is about the fraudulent practices being committed by Meditech, a DNA testing company that, upon information and belief, provides: (1) pharmacogenomic DNA tests[1]; (2) cancer DNA tests[2]; and (3) pre-conception DNA

---

[1] Pharmacogenomic DNA tests determine how an individual's genes will impact how he or she responds to certain medications, which may impact which drug a doctor chooses to prescribe or how safe/effective a drug is for that patient.

[2] Cancer DNA tests determine whether an individual—based on his or her genetic makeup—is predisposed to certain types of cancers.

tests[3] (collectively, "DNA Tests") to Medicare/Medicaid beneficiaries across the country.

     3.     The fraudulent scheme alleged herein is straightforward—and is one that is becoming increasingly prevalent throughout the United States.[4] Since at least

---

[3] Pre-conception DNA tests (a/k/a carrier tests) determine if a couple is at risk of having a child with certain genetic conditions or a genetic disorder.

[4] There have been several recent False Claims Act settlements involving medically unnecessary DNA Tests. *Millennium Health Agrees to Pay $256 Million to Resolve Allegations of Unnecessary Drug and Genetic Testing and Illegal Remuneration to Physicians*, U.S. DEP'T OF JUSTICE, Office of Public Affairs (Oct. 19, 2015), https://www.justice.gov/opa/pr/millennium-health-agrees-pay-256-million-resolve-allegations-unnecessary-drug-and-genetic; *Genetic Testing Company Agrees to Pay $1.99 Million to Resolve Allegations of False Claims to Medicare for Medically Unnecessary Tests*, U.S. DEP'T OF JUSTICE, Office of Public Affairs (Feb. 11, 2019), https://www.justice.gov/opa/pr/genetic-testing-company-agrees-pay-199-million-resolve-allegations-false-claims-medicare.

Just recently, the Office of Inspector General published a Fraud Alert warning the public of genetic testing scams. *Fraud Alert: Genetic Testing Scams*, US. DEP'T OF HEALTH AND HUMAN SERVICES, Office of Inspector General (June 3, 2019), https://oig.hhs.gov/fraud/consumer-alerts/alerts/geneticscam.asp?utm_source=website&utm_campaign=geneticscam. There have also been several recently published state government bulletins and news articles specifically warning about this type of fraudulent scheme. *E.g.*, *WARNING! Genetic Tests Must Be Ordered By Your Doctor To Be Covered By Medicare*, Centers for Medicare & Medicaid Services, https://www.regence.com/documents/10192/2456242/Genetic+testing+scams/3439b46a-2f97-40d2-94ec-c62e4478712e; *WARNING: Individuals Promoting Genetic Testing of Medicare Patients Though Meetings and Educational Sessions Could Be Using This Test to Commit Medicare Fraud and Abuse*, Kansas Senior Medicare Patrol, https://www.kdads.ks.gov/docs/default-source/commissions/medicare-programs/kansas-senior-medicaid-patrol-(smp)/genetic-testing-kansas.pdf?sfvrsn=76a634ee_4; Landers, Jim, *Medicare Fraud Is Often Cloaked as 'Free' Services for*

2016, Defendants have defrauded the Government through a nationwide scheme of billing the Government for **thousands of DNA Tests** that were **medically unnecessary** because they were:

    (i)    provided not based on an individual assessment of the patients' needs, but instead for general screening and/or investigational purposes to detect an undiagnosed disease or disease pre-disposition; and

    (ii)    administered by sales representatives collecting DNA specimens without any physician pre-approval.

4.    More specifically, Meditech trained and instructed a **nationwide team of door-to-door salesmen** to solicit and personally administer DNA Tests via cheek (buccal) swabs to Medicare/Medicaid beneficiaries. Meditech even **instructs its sales representatives to wear scrubs and hold themselves out as medical personnel** to further bait Medicare/Medicaid beneficiaries into receiving the DNA Tests. Upon information and belief, the sales representatives operate on 100% commission and are incentivized to perform as many tests as possible and only get paid if and when Medicare/Medicaid pays for the DNA Tests. These cheek swabs are collected without the involvement of any healthcare provider; regardless of the individual patients' needs; and without any determination by a healthcare provider

---

*Seniors*, DALLAS NEWS, June 2015, https://www.dallasnews.com/business/health-care/2015/06/11/medicare-fraud-is-often-cloaked-as-free-services-for-seniors.

that such testing was medically necessary or appropriate.

5.      Upon information and belief, after administering the DNA Tests (and obtaining the patients' Medicare/Medicaid information and confirming Medicare eligibility), Meditech has a telemedicine doctor (provided by the John Doe Entities) call the patients and retroactively order the DNA tests that were already administered days—sometimes even weeks or months—earlier. Simply put, Meditech does not seek to establish a doctor-patient relationship before administering the DNA Tests to Medicare/Medicaid beneficiaries. Meditech then ships the DNA Test samples to its partner lab—Bioconfirm Labs—for analysis, who knowingly bills the Government for the medically unnecessary DNA Tests.

6.      Mr. Sullivan is a former sales representative for Meditech and discovered the fraud shortly after he began working for the company in 2019. Mr. Sullivan received weekly training and instructions from Meditech on how to execute the fraudulent practice and has copies of Meditech's sales/marketing tools for committing the fraud.

7.      The Government pays hundreds—even thousands—of dollars per DNA Test[5] (with some cancer tests costing as much as $2,000–$3,800 per test). In

---

[5] *See Should You Get Genetic Testing for Cancer Risk?*, AMERICAN CANCER SOCIETY, Apr. 3, 2018, https://www.cancer.org/latest-news/should-you-get-genetic-

addition, upon information and belief, Meditech purposefully uses multiple CPT codes for each test—thereby further inflating the reimbursement amounts. As a result, the fraud is believed to be substantial and in an amount in excess of several millions of dollars.

8.      Under the terms of the False Claims Act, this Complaint is to be filed *in camera* and under seal and is to remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within the 60-day time frame, or within any extensions of that initial sixty-day period granted by the Court for good cause shown, after it receives both the Complaint and the material evidence submitted to it.

## II.    **NATURE OF THE ACTION**

9.      This is an action to recover treble damages and civil penalties arising from the fraudulent conduct of Defendants for using, making, presenting, and causing to make, use, or present false statements and claims to the Government in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* and applicable state law.

10.     Under the False Claims Act, a private person may bring an action in

---

testing-for-cancer-risk.html (stating that genetic testing can be expensive and that the final bill "can be thousands of dollars").

5

federal district court for itself and for the United States, and may share in any recovery. 31 U.S.C. § 3730(b). That private person is known as a "Relator" and the action that the Relator brings is called a *qui tam* action.

## III.  JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction to adjudicate this action under 28 U.S.C. §§ 1331, 1345.

12.     This Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. § 3732(a) because, upon information and belief, Defendants transact and have transacted business in this District as part of their nationwide fraudulent scheme.

13.     Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) and (c) because, upon information and belief, Defendants transacted business in this District as part of their nationwide fraudulent scheme.

## IV.  THE PARTIES

14.     Mr. Sullivan brings this action on behalf of the United States, including its agency, the Department of Health and Human Services, its component, the Centers for Medicare & Medicaid Services ("CMS," formerly the Health Care Financing Administration), and all other government healthcare programs, such as Medicaid, Medicare Part C (Medicare Advantage), TRICARE/CHAMPUS, Blue

Cross/Blue Shield – CHIP, and Veterans Administration (collectively, "Medicare").

15.   Mr. Sullivan also brings this action on behalf of the States of Alaska, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia, State of Washington, and the District of Columbia, including all state counterpart agencies to the federal agencies referenced above (collectively, "Medicaid").

16.   Mr. Sullivan also brings this action on behalf of himself, as permitted under the False Claims Act. Mr. Sullivan is a Pennsylvania resident that discovered the allegations set forth herein while working as a sales representative for Meditech. Mr. Sullivan has direct and independent knowledge of the information on which the allegations set forth in this Complaint are based, is the original source of these allegations, and has knowledge of the false claims and records that Defendants knowingly, falsely, and fraudulently submitted to the Government as alleged herein.

17.   Upon information and belief, Meditech LLC is a Kansas limited liability company with its principal place of business at 3402 Airport Circle, Pittsburg, Kansas 66762.

18.   Upon information and belief, Bioconfirm Laboratories, LLC is a

Georgia limited liability company with its principal place of business at 6755

Peachtree Industrial, Doraville, Georgia 30360.

19.    Upon information and belief, John Doe Entities 1-10 are various legal

entities, the names and addresses of which are unknown at this time.

## V.    LEGAL FRAMEWORK

### A.    The False Claims Act

20.    The False Claims Act imposes civil liability upon any person who:

> (A) knowingly presents, or causes to be presented, a false
> or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used,
> a false record or statement material to a false or fraudulent
> claim; [or]
> . . . .
>
> (G) knowingly makes, uses, or causes to be made or used,
> a false record or statement material to an obligation to pay
> or transmit money or property to the Government, or
> knowingly conceals or knowingly and improperly avoids
> or decreases an obligation to pay or transmit money or
> property to the Government.

31 U.S.C. § 3729(a).  The Affordable Care Act requires a person who has received

an overpayment from the Government to report and return the overpayment within

60 days of identification, or the date that any corresponding cost report is due; and

failure to report and return the overpayment is an obligation for purposes of the False

Claims Act under 31 U.S.C. § 3729(a)(1)(G).  *See* 42 U.S.C. § 1320a-7k(d).

21.    For purposes of the FCA, the terms "knowing" and "knowingly":

(A) mean that a person, with respect to information – (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and

. (B) require no proof of specific intent to defraud.

31 U.S.C. § 3729(b).  Effective November 2, 2015 (the date of enactment of the Federal Civil Penalties Inflation Adjustment Act, Improvements Act of 2015, Public Law 114-74, sec. 701 ("2015 Amendments")), the penalties increased from a minimum-maximum per-claim penalty of $5,500 and $11,000 to $10,781 and $21,563.  The increased amounts apply to civil penalties assessed for violations occurring after November 2, 2015.  Violations that occurred on or before November 2, 2015 are subject to the previous penalty amounts.  On February 3, 2016, pursuant to the 2015 Amendments annual re-indexing of the FCA penalties for inflation, the civil penalties again increased to a minimum-maximum per-claim penalty of $10,957 and $21,916.  As of January 19, 2018, the FCA penalties were again increased to the current minimum-maximum per-claim penalty of $11,181 and $22,363.

**B.    The Medicare Program**

22.    The Health Insurance for the Aged and Disabled Program, popularly known as the Medicare program, was created in 1965 as part of the Social Security Act to pay the costs of certain healthcare services for eligible individuals. The Secretary of Health and Human Services ("HHS"), an agency of the United States whose activities, operations, and contracts are paid from federal funds, administers the Medicare program through the Centers for Medicare and Medicaid Services ("CMS"), a component of HHS.

23.    Medicare is a 100% federally subsidized health insurance system for eligible Americans, including those aged 65 and older, certain disabled people, and certain people with chronic diseases who elect coverage. 42 U.S.C. § 1395c; *see* 42 U.S.C. §§ 1395j-1395w. To participate in Medicare, a provider must sign and file a Provider Agreement with CMS promising compliance with applicable statutes, regulations, and guidance. 42 U.S.C. § 1395cc; 42 C.F.R. § 412.23(e)(1). Medicare service providers have a legal duty to familiarize themselves with Medicare's reimbursement rules, including those delineated in the Medicare Manuals. *Heckler v. Cmty. Health Serv. of Crawford Co., Inc.*, 467 U.S. 51, 64–65 (1984).

24.    Under Medicare Part B, providers are typically compensated for the services they provide to Medicare beneficiaries on a "fee-for-service" basis as

10

determined by Medicare's fee schedule. 42 U.S.C. § 1395w-4. To obtain compensation, providers must deliver a compensable service, certify that the service was medically necessary for the health of the patient, certify that the service was personally furnished by the physician (or under his or her immediate supervision), and determine the appropriate diagnosis and procedure code to describe the problem and service for billing.

25. In order to bill Medicare, a provider must submit a form called the CMS 1500. The form describes, among other things, the provider, the patient, the referring physician, the services provided by procedure code, the related diagnosis code(s), the dates of service, and the amounts charged. The provider certifies on the CMS 1500 claim that the information provided is truthful and that the services billed on the form were "medically indicated and necessary."

26. Reimbursement for Medicare claims is made by the United States through HHS. CMS is an agency of HHS and is directly responsible for the administration of the Medicare program. CMS, in turn, contracts with private insurance carriers to administer and pay claims from the Medicare Trust Fund. *See* 42 U.S.C. § 1395u. Claims submitted for reimbursement are to be paid in accordance with the Social Security Act, Code of Federal Regulations, and Medicare Rules and Regulations promulgated by CMS.

11

27. By participating in the Medicare program, Defendants are charged with actual notice and knowledge of the federal and state statutes, regulations, and rules applicable to the Medicare program, and has consented to compliance with all such statutes, regulations, and rules, including those governing reimbursement.

## C. The Medicaid Program

28. Medicaid is a joint federal-state program that pays for healthcare services for low-income individuals, including pregnant women, children, and parents and other caretaker relatives, as well as elderly and disabled individuals. As a result of the Affordable Care Act, each state had the option to expand eligibility for Medicaid beginning in calendar year 2014 to all nonelderly adults with income below 138 percent of the federal poverty guidelines.

29. Medicaid is jointly funded by state and federal governments. The federal government's share of each state's Medicaid spending, known as the Federal Medical Assistance Percentage ("FMAP"), is based upon the state's per capita income compared to the national average. 42 U.S.C. § 1396d(b). Such share must be at least 50 percent, but no more than 83 percent, and historically has averaged about 57 percent. In other words, the federal government guarantees to match at least $1 in federal funds for every $1 any individual state spends on its Medicaid program.

12

30.    State Medicaid programs must comply with the minimum requirements set forth in the federal Medicaid statute to qualify for federal funding. 42 U.S.C. § 1396a. In order to receive reimbursement from Medicaid, a provider must submit a signed claims form to the state's Medicaid program, certifying that the information on the form is "true, accurate, and complete." 42 C.F.R. § 455.18. The provider further certifies that it "understand[s] that payment of this claim will be from federal and state funds, and that any falsification, or concealment of a material fact, may be prosecuted under federal and state laws." *Id.*

31.    By participating in a state's Medicaid program, Defendants are charged with actual notice and knowledge of the federal and state statutes, regulations, and rules applicable to the Medicaid program, and has consented to compliance with all such statutes, regulations, and rules, including those governing reimbursement.

**D.     Regulation of DNA Tests**

**1.     Types of DNA Tests and Applicable Reimbursement Rates**

32.    DNA Tests are a new tool in medicine and consist primarily of two main categories: (1) pharmacogenomic DNA tests; and (2) cancer DNA tests. In addition, a third type of test, pre-conception DNA tests, has recently developed.

33.    The first category of tests—pharmacogenomic DNA tests—involve testing certain genes to determine how any given individual will respond to specific

medications. Drugs are metabolized slowly in individuals carrying polymorphisms that reduce enzyme activity, and these individuals are at an increased risk for adverse drug reactions or therapeutic failure. Alternatively, a genetic polymorphism that increases metabolism could result in ineffective drug treatment. Indeed, the FDA has stated that "[p]harmacogenomics can play an important role in identifying responders and non-responders to medications, avoiding adverse events, and optimizing drug dose." *Table of Pharmacogenomic Biomarkers in Drug Labeling*, U.S. FOOD & DRUG ADMINISTRATION, https://www.fda.gov/drugs/scienceresearch/ucm572698.htm. Examples of pharmacogenomic DNA tests, along with their 2018 Medicare reimbursement rates (which may vary depending on year and geographic location), include:

a.   **CPT Code: 81479**
Genes Tested: CYP2B6, OPRM1, DRD2, HTR2C, UGT2B15, CYP2B6, COMT, and BCHE,
Drug Class Tested: Addiction, Antipsychotics, Benzodiazepines, Opioids, Neuromuscular Blockers
**2018 Reimbursement Rate: $174.81**

b.   **CPT Code: 81381**
Genes Evaluated: CYP2C19, CYP2D6,
Drug Class Tested: Anticonvulsants, Benzodiazepines, Muscle Relaxants, Platelet Inhibitors.
**2018 Reimbursement Rate: $169.90**

c.   **CPT Code: 81225**
Genes Tested: CYP2C19, CYP2D6,
Drug Class Tested: Antidepressants, Benzodiazepines, Muscle

14

Relaxants, Platelet Inhibitors.
**2018 Reimbursement Rate: $291.36.**

d.   **CPT Code: 81226**
Genes Tested: CYP2D6
Drug Class: Antidepressants, Antipsychotics, ADHD Therapy, Opioids
**2018 Reimbursement Rate: $450.91**

*E.g., 2018 Annual Physician Notice,* MILLENNIUM HEALTH, https://www.millenniu

mhealth.com/wp-content/uploads/2018/07/Annual-Physician-Notice.pdf.

34.    The second category of tests—cancer DNA tests—determine whether

an individual, based on his or her genetic makeup, is predisposed to certain types of

cancers.  Starting in March 2018, Medicare began covering cancer DNA tests.  *E.g.,*

Schattner, Elaine; *Medicare Will Cover Genetic Testing, With Caveats,* FORBES

(Mar. 16, 2018), https://www.forbes.com/sites/elaineschattner/2018/03/16/medicare

-will-cover-genetic-cancer-testing-with-caveats/#4cb290709e55.    Examples   of

cancer DNA tests, along with their 2018 Medicare reimbursement rates (which may

vary depending on year and geographic location), include:

a.   **CPT Code: 81211**
BRCA1, BRCA2 (breast cancer 1 and 2) (*e.g.,* hereditary breast and ovarian cancer) gene analysis; full sequence analysis and common duplication/deletion variants in BRCA1 (*i.e.,* exon 13 del 3.835kb, exon 13 dup 6kb, exon 14-20 del 26kb, exon 22 del 510bp, exon 8-9 del 7.1kb).
**2018 Reimbursement Rate: $2,395.84**

b.  **CPT Code: 81214**
BRCA1 (breast cancer 1) *(e.g., hereditary breast and ovarian cancer)* gene analysis; full sequence analysis and common duplication/deletion variants *(i.e., exon 13 del 3.835kb, exon 13 dup 6kb, exon 14-20 del 26kb, exon 22 del 510bp, exon 8-9 del 7.1kb).*
**2018 Reimbursement Rate: $1,301.42**

c.  **CPT Code: 81215**
BRCA1 (breast cancer 1) *(e.g., hereditary breast and ovarian cancer)* gene analysis; known familial variant.
**2018 Reimbursement Rate: $375.25**

d.  **CPT Code: 81217**
BRCA2 (breast cancer 2) *(e.g., hereditary breast and ovarian cancer)* gene analysis; known familial variant.
**2018 Reimbursement Rate: $375.25**

e.  **CPT Code: 81435**
Hereditary colon cancer disorders *(e.g., Lynch syndrome, PTEN hamartoma syndrome, Cowden syndrome, familial adenomatosis polyposis)*; genomic sequence analysis panel, must include sequencing of at least 10 genes, including APC, BMPR1A, CDH1, MLH1, MSH2, MSH6, MUTYH, PTEN, SMAD4, and STK11
**2018 Reimbursement Rate: $722.10**

f.  **CPT Code: 81519**
Oncology (breast), mRNA, gene expression profiling by real-time RT-PCR of 21 genes, utilizing formalin-fixed paraffin embedded tissue, algorithm reported as recurrence score.
**2018 Reimbursement Rate: $3,873.00**

*See, e.g. 2018 Clinical Diagnostic Laboratory Fee Schedule*, American Medical Association, https://dhhr.wv.gov/bms/FEES/Documents/Clinical%20Diagnostic%2 0Lab%20Fees/PDF/Copy%20of%20CY%202018%20Clinical%20Lab%20Fee%2

0Schedule%20-%201.22.18%20%28002%29.pdf; *see also Molecular Pathology /*
*Molecular Diagnostics / Genetic Testing*, UnitedHealthcare, Dec. 12, 2018,
https://www.uhcprovider.com/content/dam/provider/docs/public/policies/medadv-
guidelines/m/molecular-pathology-diagnostics-genetic-testing.pdf.

35.     The third type of test, pre-conception DNA tests, is a new test that will
inform couples if they are at a risk for having a child with certain genetic conditions.
*E.g., A Guide to Your Carrier Testing Options*, UNC Department of Obstetrics &
Gynecology, https://www.med.unc.edu/obgyn/mfm/our-services/a-guide-to-your-c
arrier-testing-options/. One example of a pre-conception DNA test, along its 2018
Medicare reimbursement rate (which may vary depending on year and geographic
location), includes:

a. **CPT Code: 81412**
Ashkenazi Jewish associated disorders (e.g., Bloom syndrome,
Canavan disease, cystic fibrosis, familial dysautonomia, Fanconi
anemia group C, Gaucher disease, Tay-Sachs disease), genomic
sequence analysis panel, must include sequencing of at least 9
genes, including ASPA, BLM, CFTR, FANCC, GBA, HEXA,
IKBKAP, MCOLN1, and SMPD1
**2018 Reimbursement Rate: $2,448.56**

*Carrier Testing for Genetic Diseases*, UnitedHealthcare (Jan. 1, 2019), https://www
.uhcprovider.com/content/dam/provider/docs/public/policies/comm-medical-drug/c
arrier-testing-for-genetic-diseases.pdf; *2018 Clinical Diagnostic Laboratory Fee
Schedule*, https://dhhr.wv.gov/bms/BMS%20Pharmacy/SMAC/Documents/CY%2

17

02018%20Clinical%20Lab%20Fee%20Schedule%20-%202.8.18.pdf

### 2. **Eligibility for Reimbursement of DNA Tests**

36.     In any event, Medicare/Medicaid pays for only those DNA Tests that are "reasonable and necessary" for the diagnosis or treatment of the beneficiary. *E.g.,* 42 U.S.C. § 1395y(a)(1)(A).

37.     First, when an individual "offers to provide an educational session to a group of seniors, takes their Medicare number, and does a DNA swab, this does not meet Medicare's criteria of medical necessity." *E.g., WARNING: Individuals Promoting Genetic Testing of Medicare Patients Though Meetings and Educational Sessions Could Be Using This Test to Commit Medicare Fraud and Abuse*, KANSAS SENIOR MEDICARE PATROL, https://www.kdads.ks.gov/docs/default-source/commi ssions/medicare-programs/kansas-senior-medicaid-patrol-(smp)/genetic-testing-kansas.pdf?sfvrsn=76a634ee_4. Similarly, when an individual goes door-to-door doing DNA swabs of any and all seniors, that too does not constitute medical necessity. *See id.*

38.     Instead, they are simply "offering a service to the general population without determining actual need and they are doing it outside the guidance of the patient's own physician." *Id.* And if the individual intentionally bills the Government for these services "that does not meet medical necessity and do[es] not

have a referring physician familiar with the patient's health needs," they are committing fraud upon the Government. *Id.* Thus, screening services, such as pre-symptomatic genetic tests and services, are those used to detect an undiagnosed disease or disease predisposition, and as such are **not covered** by Medicare/Medicaid.

39.  Second, DNA Tests must be ordered by a physician or practitioner, and labs must keep the orders in a patient's case file. *E.g., WARNING! Genetic Tests Must Be Ordered By Your Doctor To Be Covered By Medicare*, CENTERS FOR MEDICARE & MEDICAID SERVICES, https://www.regence.com/documents/10192/24 56242/Genetic+testing+scams/3439b46a-2f97-40d2-94ec-c62e4478712e. Thus, DNA Tests that are administered without physician orders or an assessment of the patients' needs are **ineligible** for Government reimbursement.

40.  Third, Medicare provides that the "date of service" of a lab test is the date the specimen was collected.  42 C.F.R. § 414.510(a); *Medicare Claims Processing Manual*, Ch. 16 – Laboratory Services, § 120.1 ("The date of service should be reported as the date of specimen collection."). Thus, when an individual administers a DNA cheek swab without the involvement of a physician—and then has a doctor call the patient and retroactively order the DNA test that were already administered days weeks earlier—that test is **not eligible** for reimbursement.

19

## VI.   FACTUAL ALLEGATIONS

41.   Since at least 2016, Defendants have defrauded the Government through a nationwide scheme of billing the Government for **thousands of DNA Tests** that were **medically unnecessary** because they were:

(i)   provided not based on an individual assessment of the patients' needs, but instead for general screening and/or investigational purposes to detect an undiagnosed disease or disease pre-disposition; and

(ii)   administered by sales representatives collecting DNA specimens without any physician pre-approval.

42.   More specifically, Meditech trained and instructed a **nationwide team of door-to-door salesmen** to solicit and personally administer DNA Tests via cheek (buccal) swabs to Medicare/Medicaid beneficiaries.  Meditech even **instructs its sales representatives to wear scrubs and hold themselves out as medical personnel** to further bait Medicare/Medicaid beneficiaries into receiving the DNA Tests. Upon information and belief, the sales representatives operate on 100% commission and are incentivized to perform as many tests as possible and only get paid if and when Medicare/Medicaid pays for the DNA Tests.  These cheek swabs are collected without the involvement of any healthcare provider; regardless of the individual patients' needs; and without any determination by a healthcare provider that such testing was medically necessary or appropriate.

20

43.     Upon information and belief, after administering the DNA Tests (and obtaining the patients' Medicare/Medicaid information and confirming Medicare eligibility), Meditech has a telemedicine doctor (provided by the John Doe Entities) call the patients and retroactively order the DNA tests that were already administered days—sometimes even weeks or months—earlier. Simply put, Meditech does not seek to establish a doctor-patient relationship before administering the DNA Tests to Medicare/Medicaid beneficiaries. Meditech then ships the DNA Test samples to its partner lab—Bioconfirm Labs—for analysis, who knowingly bill the Government for the medically unnecessary DNA Tests.

44.     Mr. Sullivan is a former sales representative for Meditech and discovered the fraud shortly after he began working for the company in 2019. Mr. Sullivan received weekly training and instructions from Meditech on how to execute the fraudulent practice and has copies of Meditech's sales/marketing tools for committing the fraud.

45.     The Government pays hundreds—even thousands—of dollars per DNA Test (with some cancer tests costing as much as $2,000–$3,800 per test). In addition, upon information and belief, Meditech purposefully uses multiple CPT codes for each test—thereby further inflating the reimbursement amounts. The fraud is believed to be substantial and in an amount in excess of several millions of dollars.

21

\*     \*     \*

46.    In sum, Defendants have defrauded the Government by submitting false claims for DNA Tests that were medically unnecessary because they were: (1) provided not based on individual need but for general screening/investigational purposes; and (2) administered by sales representatives collecting DNA specimens without any physician pre-approval.

47.    As a result, these DNA Tests were ineligible for Government reimbursement.  By submitted these claims, Defendants misrepresented to the Government that they were in compliance with all relevant statutory, regulatory, and contractual requirements. Defendants' misrepresentations were material to the Government's decision to pay for these DNA Tests  In other words, had the Government known that these DNA Tests were medically unnecessary, it would not have paid for the tests.

## COUNT ONE
## VIOLATION OF THE FALSE CLAIMS ACT
### 31 U.S.C. § 3729(a)(1)(A)

48.    Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

49.    As set forth above, from at least 2016 through the present, Defendants presented false or fraudulent claims for payment, or knowingly caused false or

fraudulent claims for payment to be presented, to officials of the United States Government in violation of 31 U.S.C. § 3729(a)(1)(A). Defendants knowingly and falsely certified that its claims for reimbursement complied with all applicable laws and regulations.

50.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the United States suffered actual damages and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWO
## VIOLATION OF THE FALSE CLAIMS ACT
## 31 U.S.C. § 3729(a)(1)(B)

51.    Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

52.    As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to false or fraudulent claims in violation of 31 U.S.C. § 3729(a)(1)(B). Defendants knowingly and falsely certified that its claims for reimbursement complied with all applicable laws and regulations.

53.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the United States suffered actual damages and therefore is

entitled to multiple damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THREE
## VIOLATION OF THE FALSE CLAIM ACT
## 31 U.S.C. 3729(a)(1)(C)

54.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

55.     As set forth above, from at least 2016 through the present, Defendants knowingly conspired to commit a violation of the False Claims Act in violation of 31 U.S.C. §3729(a)(1)(C).

56.     By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the United States suffered actual damages and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FOUR
## VIOLATION OF THE ALASKA MEDICAL ASSISTANCE FALSE CLAIMS AND REPORTING ACT
## ALASKA STAT. § 09.58.010(a)(1)

57.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

58.     As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Alaska false or

24

fraudulent claims for payment or approval in violation of Alaska Stat. § 09.58.010(a)(1).

59. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Alaska suffered actual damages and therefore is entitled to multiple damages under the Alaska Medical Assistance False Claims and Reporting Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT FIVE**
**VIOLATION OF THE ALASKA MEDICAL ASSISTANCE FALSE**
**CLAIMS AND REPORTING ACT**
**ALASKA STAT. § 09.58.010(a)(2)**

60. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

61. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Alaska in violation of in violation of Alaska Stat. § 09.58.010(a)(2).

62. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Alaska suffered actual damages and therefore is entitled to multiple damages under the Alaska Medical Assistance False Claims and Reporting Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIX
## VIOLATION OF THE ALASKA MEDICAL ASSISTANCE FALSE CLAIMS AND REPORTING ACT
### ALASKA STAT. § 09.58.010(a)(3)

63.    Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

64.    As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Alaska Medical Assistance False Claims and Reporting Act in violation of Alaska Stat. § 09.58.010(a)(3).

65.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Alaska suffered actual damages and therefore is entitled to multiple damages under the Alaska Medical Assistance False Claims and Reporting Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVEN
## VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT
### CAL. GOV'T CODE § 12651(A)(1)

66.    Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

67.    As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of California false or fraudulent claims for payment or approval in violation of Cal. Gov't Code

26

§12651(A)(1).

68.     By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of California suffered actual damages and therefore is entitled to multiple damages under the California False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHT
## VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT
### CAL. GOV'T CODE § 12651(A)(2)

69.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

70.     As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of California in violation of in violation of Cal. Gov't Code §12651(A)(2).

71.     By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of California suffered actual damages and therefore is entitled to multiple damages under the California False Claims Act, to be determined at trial, plus a civil penalty for each violation.

27

## COUNT NINE
## VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT
### CAL. GOV'T CODE § 12651(A)(3)

72.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

73.     As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the California False Claims Act in violation of Cal. Gov't Code §12651(A)(3).

74.     By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of California suffered actual damages and therefore is entitled to multiple damages under the California False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TEN
## VIOLATION OF THE COLORADO MEDICAID FALSE CLAIMS ACT
### COLO. REV. STAT. § 25.5-4-305(1)(a)

75.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

76.     As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Colorado false or fraudulent claims for payment or approval in violation of Colo. Rev. Stat. §25.5-4-305(1)(a).

77. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Colorado suffered actual damages and therefore is entitled to multiple damages under the Colorado Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT ELEVEN
## VIOLATION OF THE COLORADO MEDICAID FALSE CLAIMS ACT
### COLO. REV. STAT. § 25.5-4-305(1)(b)

78. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

79. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Colorado in violation of Colo. Rev. Stat. §25.5-4-305(1)(b).

80. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Colorado suffered actual damages and therefore is entitled to multiple damages under the Colorado Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWELVE
## VIOLATION OF THE COLORADO MEDICAID FALSE CLAIMS ACT
### COLO. REV. STAT. § 25.5-4-305(1)(g)

81. Relator incorporates by reference the allegations set forth in the

29

foregoing paragraphs as though fully set forth herein.

82.    As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Colorado Medicaid False Claims Act in violation of Colo. Rev. Stat. §25.5-4-305(1)(g).

83.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Colorado suffered actual damages and therefore is entitled to multiple damages under the Colorado Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTEEN
## VIOLATION OF THE CONNECTICUT FALSE CLAIMS
### CONN GEN. STAT. § 4-275(1)

84.    Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

85.    As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Connecticut false or fraudulent claims for payment or approval in violation of Conn. Gen. Stat. §4-275(1).

86.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Connecticut suffered actual damages and therefore is entitled to multiple damages under the Connecticut False Claims Act, to

be determined at trial, plus a civil penalty for each violation.

## COUNT FOURTEEN
### VIOLATION OF THE CONNECTICUT FALSE CLAIMS ACT
#### CONN. GEN. STAT. § 4-275(2)

87.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

88.     As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Connecticut in violation of Conn. Gen. Stat. §4-275(2).

89.     By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Connecticut suffered actual damages and therefore is entitled to multiple damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTEEN
### VIOLATION OF THE CONNECTICUT FALSE CLAIMS ACT
#### CONN. GEN. STAT. § 4-275(3)

90.     Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

91.     As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Connecticut False Claims

31

Act in violation of Conn. Gen. Stat. §4-275(3).

92.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Connecticut suffered actual damages and therefore is entitled to multiple damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT SIXTEEN**
**VIOLATION OF THE DELAWARE FALSE CLAIMS**
**AND REPORTING ACT**
**DEL. CODE ANN. § 1201(a)(1)**

93.    Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

94.    As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Delaware false or fraudulent claims for payment or approval in violation of Del. Code Ann. §1201(a)(1)

95.    By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Delaware suffered actual damages and therefore is entitled to multiple damages under the Delaware False Claims and Reporting Act, to be determined at trial, plus a civil penalty for each violation.

32

**COUNT SEVENTEEN**
**VIOLATION OF THE DELAWARE FALSE CLAIMS**
**AND REPORTING ACT**
**DEL. CODE ANN. § 1201(a)(2)**

96. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

97. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Delaware in violation of Del. Code Ann. §1201(a)(2).

98. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Delaware suffered actual damages and therefore is entitled to multiple damages under the Delaware False Claims and Reporting Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT EIGHTEEN**
**VIOLATION OF THE DELAWARE FALSE CLAIMS**
**AND REPORTING ACT**
**DEL. CODE ANN. § 1201(a)(3)**

99. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

100. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Delaware False Claims

33

and Reporting Act in violation of Del. Code Ann. §1201(a)(3).

101.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Delaware suffered actual damages and therefore is entitled to multiple damages under the Delaware False Claims and Reporting Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETEEN
## VIOLATION OF THE DISTRICT OF COLUMBIA FALSE CLAIMS ACT
### D.C. CODE § 2-381.02(a)(1)

102.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

103.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the District of Columbia false or fraudulent claims for payment or approval in violation of D.C. Code. §2-381.02(a)(1).

104.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the District of Columbia suffered actual damages and therefore is entitled to multiple damages under the District of Columbia False Claims Act, to be determined at trial, plus a civil penalty for each violation.

34

**COUNT TWENTY**
**VIOLATION OF THE DISTRICT OF COLUMBIA FALSE CLAIMS ACT**
**D.C. CODE § 2-381.02(a)(2)**

105.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

106.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the District of Columbia in violation of D.C. Code §2-381.02(a)(2).

107.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the District of Columbia suffered actual damages and therefore is entitled to multiple damages under the District of Columbia False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT TWENTY-ONE**
**VIOLATION OF THE DISTRICT OF COLUMBIA FALSE CLAIMS ACT**
**D.C. CODE § 2-381.02(a)(3)**

108.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

109.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the District of Columbia False Claims Act in violation of D.C. Code §2-381.02(a)(3).

35

110. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the District of Columbia suffered actual damages and therefore is entitled to multiple damages under the District of Columbia False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-TWO
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
#### FLA. STAT. § 68.082(2)(a)

111. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

112. As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Florida false or fraudulent claims for payment or approval in violation of Fla. Stat. §68.082(2)(a).

113. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Florida suffered actual damages and therefore is entitled to multiple damages under the Florida False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-THREE
### VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
#### FLA. STAT. § 68.082(2)(b)

114. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

36

115.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Florida in violation of Fla. Stat. §68.082(2)(b).

116.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Florida suffered actual damages and therefore is entitled to multiple damages under the Florida False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-FOUR
## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### FLA. STAT. § 68.082(2)(c)

117.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

118.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Florida False Claims Act in violation of Fla. Stat. §68.082(2)(c).

119.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Florida suffered actual damages and therefore is entitled to multiple damages under the Florida False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-FIVE
## VIOLATION OF THE GEORGIA STATE FALSE
## MEDICAID CLAIMS ACT
## GA. CODE ANN. § 49-4-168.1(a)(1)

120.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

121.  As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Georgia false or fraudulent claims for payment or approval in violation of Ga. Code Ann. §49-4-168.1(a)(1).

122.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Georgia suffered actual damages and therefore is entitled to multiple damages under the Georgia State False Medicaid Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-SIX
## VIOLATION OF THE GEORGIA STATE FALSE
## MEDICAID CLAIMS ACT
## GA. CODE ANN. § 49-4-168.1(a)(2)

123.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

124.  As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements

material to a false or fraudulent claim submitted to the State of Georgia in violation of Ga. Code Ann. §49-4-168.1(a)(2).

125.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Georgia suffered actual damages and therefore is entitled to multiple damages under the Georgia State False Medicaid Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT TWENTY-SEVEN**
**VIOLATION OF THE GEORGIA STATE FALSE**
**MEDICAID CLAIMS ACT**
**GA. CODE ANN. § 49-4-168.1(a)(3)**

126.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

127.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Georgia State False Medicaid Claims Act in violation of Ga. Code Ann. §49-4-168.1(a)(3).

128.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Georgia suffered actual damages and therefore is entitled to multiple damages under the Georgia State False Medicaid Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-EIGHT
## VIOLATION OF THE HAWAII FALSE CLAIMS ACT
### HAW. REV. STAT. § 661-21(a)(1)

129.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

130.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Hawaii false or fraudulent claims for payment or approval in violation of Haw. Rev. Stat. §661.21(a)(1).

131.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Hawaii suffered actual damages and therefore is entitled to multiple damages under the Hawaii False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT TWENTY-NINE
## VIOLATION OF THE HAWAII FALSE CLAIMS ACT
### HAW. REV. STAT. § 661-21(a)(2)

132.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

133.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Hawaii in violation

40

of Haw. Rev. Stat. §661-21(a)(2).

134. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Hawaii suffered actual damages and therefore is entitled to multiple damages under the Hawaii False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTY
## VIOLATION OF THE HAWAII FALSE CLAIMS ACT
### HAW. REV. STAT. § 661-21(a)(8)

135. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

136. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Hawaii False Claims Act in violation of Haw. Rev. Stat. §661-21(a)(8).

137. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Hawaii suffered actual damages and therefore is entitled to multiple damages under the Hawaii False Claims Act, to be determined at trial, plus a civil penalty for each violation

## COUNT THIRTY-ONE
## VIOLATION OF THE ILLINOIS WHISTLEBLOWER REWARD
## AND PROTECTION ACT
### 740 ILL. COMP. STAT. § 175/3(a)(1)(A)

138. Relator incorporates by reference the allegations set forth in the

41

foregoing paragraphs as though fully set forth herein.

139.  As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Illinois false or fraudulent claims for payment or approval in violation of 740 Ill. Comp. Stat. §175/3(a)(1)(A).

140.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Illinois suffered actual damages and therefore is entitled to multiple damages under the Illinois Whistleblower and Protection Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTY-TWO
## VIOLATION OF THE ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT
### 740 ILL. COMP. STAT. § 175/3(a)(1)(B)

141.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

142.  As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Illinois in violation of 740 Ill. Comp. Stat. §175/3(a)(1)(B).

143.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Illinois suffered actual damages and therefore

is entitled to multiple damages under the Illinois Whistleblower and Protection Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT THIRTY-THREE
### VIOLATION OF THE ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT
### 740 ILL. COMP. STAT. § 175/3(a)(1)(C)

144. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

145. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Illinois Whistleblower and Protection Act in violation of 740 Ill. Comp. Stat. §175/3(a)(1)(C).

146. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Illinois suffered actual damages and therefore is entitled to multiple damages under the Illinois Whistleblower and Protection Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT THIRTY-FOUR
### VIOLATION OF THE INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT
### IND. CODE § 5-11-5.5-2(b)(1) & (8)

147. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

148. As set forth above, from at least 2016 through the present, Defendants

43

knowingly presented or caused to be presented to the State of Indiana false or fraudulent claims for payment or approval in violation of Ind. Code. §5-11-5.5-2(b)(1) & (8).

149.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Indiana suffered actual damages and therefore is entitled to multiple damages under the Indiana False Claims and Whistleblower Protection Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTY-FIVE
## VIOLATION OF THE INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT
### IND. CODE § 5-11-5.5-2(b)(2) & (8)

150.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

151.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Indiana in violation of Ind. Code §5-11-5.5-2(b)(2) & (8).

152.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Indiana suffered actual damages and therefore is entitled to multiple damages under the Indiana False Claims and Whistleblower Protection Act, to be determined at trial, plus a civil penalty for each violation.

44

## COUNT THIRTY-SIX
## VIOLATION OF THE INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT
### IND. CODE § 5-11-5.5-2(b)(7)

153. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

154. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Indiana False Claims and Whistleblower Protection Act in violation of Ind. Code §5-11-5.5-2(b)(7).

155. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Indiana suffered actual damages and therefore is entitled to multiple damages under the Indiana False Claims and Whistleblower Protection Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTY-SEVEN
## VIOLATION OF THE IOWA FALSE CLAIMS ACT
### IOWA CODE § 685.2(1)(a)

156. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

157. As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Iowa false or fraudulent claims for payment or approval in violation of Iowa Code §685.2(1)(a).

158. By virtue of the false or fraudulent claims submitted or caused to be

submitted by Defendants, the State of Iowa suffered actual damages and therefore is entitled to multiple damages under the Iowa False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTY-EIGHT
## VIOLATION OF THE IOWA FALSE CLAIMS ACT
## IOWA CODE § 685.2(1)(b)

159.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

160.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Iowa in violation of Iowa Code §685.2(1)(b).

161.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Iowa suffered actual damages and therefore is entitled to multiple damages under the Iowa False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT THIRTY-NINE
## VIOLATION OF THE IOWA FALSE CLAIMS ACT
## IOWA CODE § 685.2(1)(c)

162.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

46

163.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Iowa False Claims Act in violation of Iowa Code §685.2(1)(c).

164.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Iowa suffered actual damages and therefore is entitled to multiple damages under the Iowa False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT FORTY**
**VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE**
**PROGRAMS INTEGRITY LAW**
**LA. STAT. ANN. § 46:438.3(A)**

165.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

166.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Louisiana false or fraudulent claims for payment or approval in violation of La. Stat. Ann. §46:438.3(A).

167.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Louisiana suffered actual damages and therefore is entitled to multiple damages under the Louisiana Medical Assistance Programs Integrity Law, to be determined at trial, plus a civil penalty for each

violation.

## COUNT FORTY-ONE
## VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE
## PROGRAMS INTEGRITY LAW
## LA. STAT. ANN. § 46:438.3(B)

168.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

169.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Louisiana in violation of La. Stat. Ann. §46:438.3(B).

170.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Louisiana suffered actual damages and therefore is entitled to multiple damages under the Louisiana Medical Assistance Programs Integrity Law, to be determined at trial, plus a civil penalty for each violation.

## COUNT FORTY-TWO
## VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE
## PROGRAMS INTEGRITY LAW
## LA. STAT. ANN. § 46:438.3(D)

171.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

172. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Louisiana Medical Assistance Programs Integrity Law in violation of La. Stat. Ann. §46:438.3(D).

173. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Louisiana suffered actual damages and therefore is entitled to multiple damages under the Louisiana Medical Assistance Programs Integrity Law, to be determined at trial, plus a civil penalty for each violation.

## COUNT FORTY-THREE
## VIOLATION OF THE LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW
### LA. STAT. ANN. § 46:438.2(A)

174. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

175. As set forth above, from at least 2016 through the present, Defendants knowingly solicited, received, offered, and paid remuneration in return for purchasing and ordering goods for which payment may be made under Louisiana's Medical Assistance Program in violation of La. Stat. § 46:438.2(A).

176. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Louisiana suffered actual damages and therefore is entitled to multiple damages under the Louisiana Medical Assistance

49

Programs Integrity Law, to be determined at trial, plus a civil penalty for each violation.

### COUNT FORTY-FOUR
### VIOLATION OF THE MARYLAND FALSE CLAIMS ACT
MD. CODE ANN., Health – Gen., § 2-602(a)(1)

177. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

178. As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Maryland false or fraudulent claims for payment or approval in violation of MD. Code Ann., Health – Gen., §2-702(a)(1).

179. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Maryland suffered actual damages and therefore is entitled to multiple damages under the Maryland False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT FORTY-FIVE
### VIOLATION OF THE MARYLAND FALSE CLAIMS ACT
MD. CODE ANN., Health – Gen., § 2-602(a)(2)

180. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

181. As set forth above, from at least 2016 through the present, Defendants

knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Maryland in violation of MD. Code Ann., Health – Gen., §2-602(a)(2).

182.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Maryland suffered actual damages and therefore is entitled to multiple damages under the Maryland False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FORTY-SIX
## VIOLATION OF THE MARYLAND FALSE CLAIMS ACT
### MD. CODE ANN., Health – Gen., § 2-602(a)(3)

183.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

184.  As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Maryland False Claims Act in violation of MD Code Ann., Health – Gen., §2-601(a)(3).

185.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Maryland suffered actual damages and therefore is entitled to multiple damages under the Maryland False Claims Act, to be determined at trial, plus a civil penalty for each violation.

51

## COUNT FORTY-SEVEN
## VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT
### MASS. GEN. LAWS, ch. 12, § 5B(a)(1)

186.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

187.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the Commonwealth of Massachusetts false or fraudulent claims for payment or approval in violation of Mass. Gen. Laws, ch. 12, §5B(a)(1).

188.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the Commonwealth of Maryland suffered actual damages and therefore is entitled to multiple damages under the Massachusetts False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FORTY-EIGHT
## VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT
### MASS. GEN. LAWS, ch. 12, § 5B(a)(2)

189.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

190.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the Commonwealth of

Massachusetts in violation of Mass. Gen. Laws, ch. 12, §5B(a)(2).

191.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the Commonwealth of Massachusetts suffered actual damages and therefore is entitled to multiple damages under the Massachusetts False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FORTY-NINE
## VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT
### MASS. GEN. LAWS, ch. 12, § 5B(a)(3)

192.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

193.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Massachusetts False Claims Act in violation of Mass. Gen. Laws, ch. 12, §5B(a)(3).

194.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the Commonwealth suffered actual damages and therefore is entitled to multiple damages under the Massachusetts False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTY
## VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT
### MICH. COMP. LAWS § 400.607(1)

195.   Relator incorporates by reference the allegations set forth in the

foregoing paragraphs as though fully set forth herein.

196.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Michigan false or fraudulent claims for payment or approval in violation of Mich. Comp. Laws §400.607(1).

197.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Michigan suffered actual damages and therefore is entitled to multiple damages under the Michigan Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTY-ONE
## VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT
### MICH. COMP. LAWS § 400.607(2)

198.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though set forth herein.

199.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Michigan in violation of Mich. Comp. Laws §400.607(2).

200.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Michigan suffered actual damages and

54

therefore is entitled to multiple damages under the Michigan Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTY-TWO
### VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT
### MICH. COMP. LAWS § 400.606(1)

201. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

202. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Michigan Medicaid False Claims Act in violation of Mich. Comp. Laws §400.606(1).

203. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Michigan suffered actual damages and therefore is entitled to multiple damages under the Michigan Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTY-THREE
### VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT
### MICH. COMP. LAWS § 400.604

204. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

205. As set forth above, from at least 2016 through the present, Defendants knowingly solicited, offered, and/or received kickbacks or bribes in connection with

the furnishing of goods for which payment may be made by the State of Michigan in violation of Mich. Comp. Laws §400.604.

206. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Michigan suffered actual damages and therefore is entitled to multiple damages under the Michigan Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT FIFTY-FOUR
### VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT
### MINN. STAT. § 15C.02(a)(1)

207. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

208. As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Minnesota false or fraudulent claims for payment or approval in violation of Minn. Stat. §15C.02(a)(1).

209. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Minnesota suffered actual damages and therefore is entitled to multiple damages under the Minnesota False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTY-FIVE
## VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT
### MINN. STAT. § 15C.02(a)(2)

210. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

211. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Minnesota in violation of Minn. Stat. §15C.02(a)(2).

212. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Minnesota suffered actual damages and therefore is entitled to multiple damages under the Minnesota False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT FIFTY-SIX
## VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT
### MINN. STAT. § 15C.02(a)(3)

213. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

214. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Minnesota False Claims Act in violation of Minn. Stat. §15C.02(a)(3).

215. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Minnesota suffered actual damages and therefore is entitled to multiple damages under the Minnesota False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT FIFTY-SEVEN**
**VIOLATION OF THE MONTANA FALSE CLAIMS ACT**
**MONT. CODE ANN. § 17-8-403(1)(a)**

216. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

217. As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Montana false or fraudulent claims for payment or approval in violation of Mont. Code Ann. §17-8-403(1)(a).

218. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Montana suffered actual damages and therefore is entitled to multiple damages under the Montana False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT FIFTY-EIGHT**
**VIOLATION OF THE MONTANA FALSE CLAIMS ACT**
**MONT. CODE ANN. § 17-8-403(1)(b)**

219. Relator incorporates by reference the allegations set forth in the

foregoing paragraphs as though fully set forth herein.

220.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Montana in violation of Mont. Code. Ann. §17-8-403(1)(b).

221.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Montana suffered actual damages and therefore is entitled to multiple damages under the Montana False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT FIFTY-NINE
### VIOLATION OF THE MONTANA FALSE CLAIMS ACT
### MONT. CODE ANN. § 17-8-403(1)(c)

222.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

223.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Montana False Claims Act in violation of Mont. Code Ann. §17-8-403(1)(c).

224.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Montana suffered actual damages and therefore is entitled to multiple damages under the Montana False Claims Act, to be

determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY
## VIOLATION OF THE NEVADA FALSE CLAIMS ACT
### NEV. REV. STAT. § 357.040(1)(a)

225.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

226.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Nevada false or fraudulent claims for payment or approval in violation of Nev. Rev. Stat. §357.040(1)(a).

227.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Nevada suffered actual damages and therefore is entitled to multiple damages under the Nevada False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY-ONE
## VIOLATION OF THE NEVADA FALSE CLAIMS ACT
### NEV. REV. STAT. § 357.040(1)(b)

228.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

229.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements

material to a false or fraudulent claim submitted to the State of Nevada in violation of Nev. Rev. Stat. §357.040(1)(b).

230.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Nevada suffered actual damages and therefore is entitled to multiple damages under the Nevada False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT SIXTY-TWO**
**VIOLATION OF THE NEVADA FALSE CLAIMS ACT**
**NEV. REV. STAT. § 357.040(1)(i)**

231.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

232.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Nevada False Claims Act in violation of Nev. Rev. Stat. §357.040(1)(i).

233.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Nevada suffered actual damages and therefore is entitled to multiple damages under the Nevada False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY-THREE
### VIOLATION OF THE NEW HAMPSHIRE FALSE CLAIMS ACT
### N.H. REV. STAT. ANN. § 167:61-b(I)(a)

234.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

235.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of New Hampshire false or fraudulent claims for payment or approval in violation of N.H. Rev. Stat. Ann. §167:61-b(I)(a).

236.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Hampshire suffered actual damages and therefore is entitled to multiple damages under the New Hampshire False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY-FOUR
### VIOLATION OF THE NEW HAMPSHIRE FALSE CLAIMS ACT
### N.H. REV. STAT. ANN. § 167:61-b(I)(b)

237.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

238.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of New Hampshire in

violation of N.H. Rev. Stat. Ann. §167:61-b(I)(b).

239.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Hampshire suffered actual damages and therefore is entitled to multiple damages under the New Hampshire False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT SIXTY-FIVE
### VIOLATION OF THE NEW HAMPSHIRE FALSE CLAIMS ACT
### N.H. REV. STAT. ANN. § 167:61-b(I)(c)

240.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

241.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the New Hampshire False Claims Act in violation of N.H. Rev. Stat. Ann. §167:61-b(I)(c).

242.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Hampshire suffered actual damages and therefore is entitled to multiple damages under the New Hampshire False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT SIXTY-SIX
### VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT
### N.J. STAT. ANN. § 2A:32C-3(a)

243.   Relator incorporates by reference the allegations set forth in the

foregoing paragraphs as though fully set forth herein.

244. As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of New Jersey false or fraudulent claims for payment or approval in violation of N.J. Stat. Ann. §2A:32C-3(a).

245. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Jersey suffered actual damages and therefore is entitled to multiple damages under the New Jersey False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY-SEVEN
## VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT
### N.J. STAT. ANN. § 2A:32C-3(b)

246. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

247. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of New Jersey in violation of N.J. Stat. Ann. §2A:32C-3(b).

248. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Jersey suffered actual damages and

therefore is entitled to multiple damages under the New Jersey False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY-EIGHT
## VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT
### N.J. STAT. ANN. § 2A:32C-3(c)

249.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

250.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the New Jersey False Claims Act in violation of N.J. Stat. Ann. §2A:32C-3(c).

251.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Jersey suffered actual damages and therefore is entitled to multiple damages under the New Jersey False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SIXTY-NINE
## VIOLATION OF THE NEW MEXICO MEDICAID FALSE CLAIMS ACT
### N.M. STAT. ANN. § 27-14-4(A)

252.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

253.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of New Mexico false or

fraudulent claims for payment or approval in violation of N.M. Stat. Ann. §27-14-4(A).

254. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Mexico suffered actual damages and therefore is entitled to multiple damages under the New Mexico Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY
## VIOLATION OF THE NEW MEXICO MEDICAID FALSE CLAIMS ACT
### N.M. STAT. ANN. § 27-14-4(C)

255. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

256. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of New Mexico in violation of N.M. Stat. Ann. §27-14-4(C).

257. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Mexico suffered actual damages and therefore is entitled to multiple damages under the New Mexico Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-ONE
## VIOLATION OF THE NEW MEXICO MEDICAID FALSE CLAIMS ACT
### N.M. Stat. Ann. § 27-14-4(D)

258.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

259.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the New Mexico Medicaid False Claims Act in violation of N.M. Stat. Ann. §27-14-4(D).

260.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New Mexico suffered actual damages and therefore is entitled to multiple damages under the New Mexico Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-TWO
## VIOLATION OF THE NEW YORK FALSE CLAIMS ACT
### N.Y. State Fin. Law § 189(1)(a)

261.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

262.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of New York false or fraudulent claims for payment or approval in violation of N.Y. State Fin. Law §189(1)(a).

263.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New York suffered actual damages and therefore is entitled to multiple damages under the New York False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-THREE
### VIOLATION OF THE NEW YORK FALSE CLAIMS ACT
### N.Y. STATE FIN. LAW § 189(1)(b)

264.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

265.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of New York in violation of N.Y. State Fin. Law §189(1)(b).

266.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New York suffered actual damages and therefore is entitled to multiple damages under the New York False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-FOUR
### VIOLATION OF THE NEW YORK FALSE CLAIMS ACT
### N.Y. STATE FIN. LAW § 189(1)(c)

267.   Relator incorporates by reference the allegations set forth in the

foregoing paragraphs as though fully set forth herein.

268.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the New York False Claims Act in violation of N.Y. State Fin. Law §189(1)(c).

269.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of New York suffered actual damages and therefore is entitled to multiple damages under the New York False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-FIVE
## VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT
### N.C. GEN. STAT. § 1-607(a)(1)

270.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

271.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of North Carolina false or fraudulent claims for payment or approval in violation of N.C. Gen. Stat. §1-607(a)(1).

272.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of North Carolina suffered actual damages and therefore is entitled to multiple damages under the North Carolina False Claims Act,

69

to be determined at trial, plus a civil penalty for each violation.

**COUNT SEVENTY-SIX**
**VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT**
**N.C. GEN. STAT. § 1-607(a)(2)**

273. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

274. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of North Carolina in violation of N.C. Gen. Stat. §1-607(a)(1).

275. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of North Carolina suffered actual damages and therefore is entitled to multiple damages under the North Carolina False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT SEVENTY-SEVEN**
**VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT**
**N.C. GEN. STAT. § 1-607(a)(3)**

276. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

277. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the North Carolina False

70

Claims Act in violation of N.C. Gen. Stat. §1-607(a)(1).

278.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of North Carolina suffered actual damages and therefore is entitled to multiple damages under the North Carolina False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-EIGHT
## VIOLATION OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT
### 63 OKLA. STAT. § 5053.1B(1)

279.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

280.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Oklahoma false or fraudulent claims for payment or approval in violation of 63 Okla. Stat. §5053.1B(1).

281.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Oklahoma suffered actual damages and therefore is entitled to multiple damages under the Oklahoma Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT SEVENTY-NINE
## VIOLATION OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT
### 63 OKLA. STAT. § 5053.1B(2)

282.   Relator incorporates by reference the allegations set forth in the

71

foregoing paragraphs as though fully set forth herein.

283.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Oklahoma in violation of 63 Okla. Stat. §5053.1B(2).

284.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Oklahoma suffered actual damages and therefore is entitled to multiple damages under the Oklahoma Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHTY
## VIOLATION OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT
### 63 OKLA. STAT. § 5053.1B(3)

285.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

286.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Oklahoma Medicaid False Claims Act in violation of 63 Okla. Stat. §5053.1B(3).

287.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Oklahoma suffered actual damages and therefore is entitled to multiple damages under the Oklahoma Medicaid False Claims

Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT EIGHTY-ONE**
**VIOLATION OF THE RHODE ISLAND FALSE CLAIMS ACT**
**R.I. GEN. LAWS § 9-1.1-3(a)(1)**

288.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

289.  As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Rhode Island false or fraudulent claims for payment or approval in violation of R.I. Gen. Laws §9-1.1-3(a)(1).

290.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Rhode Island suffered actual damages and therefore is entitled to multiple damages under the Rhode Island False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT EIGHTY-TWO**
**VIOLATION OF THE RHODE ISLAND FALSE CLAIMS ACT**
**R.I. GEN. LAWS § 9-1.1-3(a)(2)**

291.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

292.  As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements

73

material to a false or fraudulent claim submitted to the State of Rhode Island in violation of R.I. Gen. Laws §9-1.1-3(a)(2).

293.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Rhode Island suffered actual damages and therefore is entitled to multiple damages under the Rhode Island False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**COUNT EIGHTY-THREE**
**VIOLATION OF THE RHODE ISLAND FALSE CLAIMS ACT**
**R.I. GEN. LAWS § 9-1.1-3(a)(3)**

294.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

295.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Rhode Island False Claims Act in violation of R.I. Gen. Laws §9-1.1-3(a)(3).

296.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Rhode Island suffered actual damages and therefore is entitled to multiple damages under the Rhode Island False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHTY-FOUR
## VIOLATION OF THE TENNESSEE FALSE CLAIMS ACT
### TENN. CODE ANN. § 4-18-103(a)(1)

297.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

298.  As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Tennessee false or fraudulent claims for payment or approval in violation of Tenn. Code Ann. §4-18-103(a)(1).

299.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Tennessee suffered actual damages and therefore is entitled to multiple damages under the Tennessee False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHTY-FIVE
## VIOLATION OF THE TENNESSEE FALSE CLAIMS ACT
### TENN. CODE ANN. § 4-18-103(a)(2)

300.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

301.  As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Tennessee in

75

violation of Tenn. Code Ann. §4-18-103(a)(2).

302.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Tennessee suffered actual damages and therefore is entitled to multiple damages under the Tennessee False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHTY-SIX
## VIOLATION OF THE TENNESSEE FALSE CLAIMS ACT
### TENN. CODE ANN. § 4-18-103(a)(3)

303.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

304.  As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Tennessee False Claims Act in violation of Tenn. Code Ann. §4-18-103(a)(3).

305.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Tennessee suffered actual damages and therefore is entitled to multiple damages under the Tennessee False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHTY-SEVEN
## VIOLATION OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT
### TENN. CODE ANN. § 71-5-182(a)(1)(A)

306.  Relator incorporates by reference the allegations set forth in the

foregoing paragraphs as though fully set forth herein.

307.  As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Tennessee false or fraudulent claims for payment or approval in violation of Tenn. Code Ann. §71-5-182(a)(1)(A).

308.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Tennessee suffered actual damages and therefore is entitled to multiple damages under the Tennessee Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT EIGHTY-EIGHT
### VIOLATION OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT
### TENN. CODE ANN. § 71-5-182(a)(1)(B)

309.  Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

310.  As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Tennessee in violation of Tenn. Code Ann. §71-5-182(a)(1)(B).

311.  By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Tennessee suffered actual damages and

therefore is entitled to multiple damages under the Tennessee Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT EIGHTY-NINE
## VIOLATION OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT
### TENN. CODE ANN. § 71-5-182(a)(1)(C)

312.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

313.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Tennessee Medicaid False Claims Act in violation of Tenn. Code Ann. §71-5-182(a)(1)(C).

314.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Tennessee suffered actual damages and therefore is entitled to multiple damages under the Tennessee Medicaid False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETY
## VIOLATION OF THE TEXAS MEDICAID FRAUD PREVENTION LAW
### TEX. HUM. RES. CODE § 36.002(1)

315.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

316.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Texas false or

fraudulent claims for payment or approval in violation of Tex. Hum. Res. Code §36.002(1).

317.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Texas suffered actual damages and therefore is entitled to multiple damages under the Texas Medicaid Fraud Prevention Law, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETY-ONE
## VIOLATION OF THE TEXAS MEDICAID FRAUD PREVENTION LAW
### TEX. HUM. RES. CODE § 36.002(4)(A)

318.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

319.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Texas in violation of Tex. Hum. Res. Code §36.002(4)(A).

320.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Texas suffered actual damages and therefore is entitled to multiple damages under the Texas Medicaid Fraud Prevention Law, to be determined at trial, plus a civil penalty for each violation.

### COUNT NINETY-TWO
## VIOLATION OF THE TEXAS MEDICAID FRAUD PREVENTION LAW
### TEX. HUM. RES. CODE § 36.002(9)

321.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

322.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Texas Medicaid Fraud Prevention Law in violation of Tex. Hum. Res. Code §36.002(9).

323.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Texas suffered actual damages and therefore is entitled to multiple damages under the Texas Medicaid Fraud Prevention Law, to be determined at trial, plus a civil penalty for each violation.

### COUNT NINETY-THREE
## VIOLATION OF THE VERMONT FALSE CLAIMS ACT
### 32 VT. STAT. ANN. § 631(a)(1)

324.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

325.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Vermont false or fraudulent claims for payment or approval in violation of Vt. Stat. Ann. §631(a)(1).

326.   By virtue of the false or fraudulent claims submitted or caused to be

80

submitted by Defendants, the State of Vermont suffered actual damages and therefore is entitled to multiple damages under the Vermont False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETY-FOUR
### VIOLATION OF THE VERMONT FALSE CLAIMS ACT
### 32 VT. STAT. ANN. § 631(a)(2)

327.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

328.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Vermont in violation of Vt. Stat. Ann. §631(a)(2).

329.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Vermont suffered actual damages and therefore is entitled to multiple damages under the Vermont False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETY-FIVE
### VIOLATION OF THE VERMONT FALSE CLAIMS ACT
### 32 VT. STAT. ANN. § 631(a)(12)

330.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

81

331.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Vermont False Claims Act in violation of Vt. Stat. Ann. §631(a)(12).

332.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Vermont suffered actual damages and therefore is entitled to multiple damages under the Vermont False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT NINETY-SIX
### VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### VA. CODE ANN. § 8.01-216.3(A)(1)

333.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

334.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the Commonwealth of Virginia false or fraudulent claims for payment or approval in violation of Va. Code Ann. §8.01-216.3(A)(1).

335.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the Commonwealth of Virginia suffered actual damages and therefore is entitled to multiple damages under the Virginia Fraud Against Taxpayers Act, to be determined at trial, plus a civil penalty for each violation.

82

## COUNT NINETY-SEVEN
## VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### VA. CODE ANN. § 8.01-216.3(A)(2)

336. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

337. As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the Commonwealth of Virginia in violation of Va. Code Ann. §8.01-216.3(A)(2).

338. By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the Commonwealth of Virginia suffered actual damages and therefore is entitled to multiple damages under the Virginia Fraud Against Taxpayers Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETY-EIGHT
## VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### VA. CODE ANN. § 8.01-216.3(A)(3)

339. Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

340. As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Virginia Fraud Against Taxpayers Act in violation of Va. Code Ann. §8.01-216.3(A)(3).

341.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the Commonwealth of Virginia suffered actual damages and therefore is entitled to multiple damages under the Virginia Fraud Against Taxpayers Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT NINETY-NINE
### VIOLATION OF THE WASHINGTON STATE MEDICAID FRAUD FALSE CLAIMS ACT
#### WASH REV. CODE § 74.66.020(1)(a)

342.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

343.   As set forth above, from at least 2016 through the present, Defendants knowingly presented or caused to be presented to the State of Washington false or fraudulent claims for payment or approval in violation of Wash. Rev. Code §74.66.020(1)(a).

344.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Washington suffered actual damages and therefore is entitled to multiple damages under the Washington State Medicaid Fraud False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## COUNT ONE-HUNDRED
### VIOLATION OF THE WASHINGTON MEDICAID FALSE CLAIMS ACT
#### WASH. REV. CODE § 74.66.020(1)(b)

345.   Relator incorporates by reference the allegations set forth in the

foregoing paragraphs as though fully set forth herein.

346.   As set forth above, from at least 2016 through the present, Defendants knowingly made, used, or caused to be made or used false records or statements material to a false or fraudulent claim submitted to the State of Washington in violation of Wash. Rev. Code §74.66.020(1)(b).

347.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Washington suffered actual damages and therefore is entitled to multiple damages under the Washington State Medicaid Fraud False Claims Act, to be determined at trial, plus a civil penalty for each violation.

### COUNT ONE-HUNDRED-AND-ONE
### VIOLATION OF THE WASHINGTON MEDICAID FALSE CLAIMS ACT
### WASH. REV. CODE § 74.66.020(1)(c)

348.   Relator incorporates by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

349.   As set forth above, from at least 2016 through the present, Defendants knowingly conspired together to commit violations of the Washington State Medicaid Fraud False Claims Act in violation of Wash. Rev. Code §74.66.020(1)(c).

350.   By virtue of the false or fraudulent claims submitted or caused to be submitted by Defendants, the State of Washington suffered actual damages and therefore is entitled to multiple damages under the Washington State Medicaid Fraud

85

False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## PRAYER FOR RELIEF

WHEREFORE, the Government and Relator demand that judgment be entered against Defendants and in favor of the Relator and Government as follows:

On Count One through Count One-Hundred-and-One under the federal False Claims Act (and amended and equivalent state statutes), for the amount of the United States' and States' damages, multiplied by three as required by law, and such civil penalties as are permitted or required by law; the maximum share amount allowed pursuant to 31 U.S.C. § 3730(d) and applicable state laws; all costs and expenses of this action, including attorney fees, expenses and costs as permitted by 31 U.S.C. § 3730(d) and applicable state laws; and all such other relief as may be just and proper.

## REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: June 7, 2019.          Respectfully submitted,

*Lynn M. Adam*

Lynn M. Adam (Georgia Bar No. 002319)
ADAM LAW LLC
128 Candler Oaks Lane
Decatur, Georgia 30030
Tel: (404) 324-3582
Email: ladam@lynnadamlaw.com

86

Gregory M. Utter*
Joseph M. Callow, Jr.*
Collin L. Ryan*
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457
gmutter@kmklaw.com
jcallow@kmklaw.com
cryan@kmklaw.com

Joel D. Hesch*
THE HESCH FIRM, LLC
3540 Ridgecroft Dr.
Lynchburg, Virginia  24503
Phone: (434) 229-8677
joel@howtoreportfraud.com

*Attorneys for Relator, Terence Sullivan*
*\* Pro hac vice applications forthcoming*

87